IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D., JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-941-SM |
| | ) |
| LELAND DUDEK, | ) |
| ACTING COMMISSIONER | ) |
| OF SOCIAL SECURITY,[1] | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

James D., Jr. [2] (Plaintiff), seeks judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. § 405(g). The parties have consented to proceed before the undersigned for disposition. Docs. 10 & 11; *see* 28 U.S.C. § 636(c).[3]

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing, first, that the

---

[1]    Leland Dudek became the Acting Commissioner of the Social Security Administration on February 19, 2025. So the Court replaces Michelle King as Defendant in this matter with Leland Dudek. *See* Fed. R. Civ. P. 25(d).

[2]    Plaintiff is referred to by first name and last initial only to protect the Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[3]    Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Administrative Law Judge (ALJ) committed reversible error by failing to properly analyze his subjective statements, and second, that the Appeals Council also committed reversible error by failing to apply current SSA regulations defining past relevant work. *See* Doc. 14.

After careful review of the AR, the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.    Administrative determination.

### A.    Disability standard.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

**B.    Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.*

**C.    Relevant findings.**

**1.    ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 18-29; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)    had not engaged in substantial gainful activity since May 26, 2021, the alleged onset date;

(2)    has the severe medically determinable impairments of disorders of the neck and spine, osteoarthritis, disorders of the lower extremity and ankle, and peripheral neuropathy;

(3)    had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

- (4) had the residual functional capacity[4] (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he requires the use of a cane for ambulation for distances greater than ten feet; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can balance without limitations; can stoop, kneel, crouch, and crawl frequently; and can engage in both fine and gross manipulation frequently;

- (5) is capable of performing past relevant work as a veterans' service officer which does not require the performance of work-related activities precluded by his residual functional capacity;

- (6) had not been under a disability since May 26, 2021 through May 14, 2024.

AR 19-28.

## 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 2, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

---

[4] "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

4

## II.   Judicial review of the Commissioner's decision.

### A.   Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (internal citation omitted). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"); *Wall*, 561 F.3d at 1052 (explaining that "'[e]vidence is not substantial if it is overwhelmed by other evidence in the record'") (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005)). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084. Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's

findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

**B.    The ALJ's review of Plaintiff's subjective allegations.**

Plaintiff first contends that the ALJ committed reversible legal error by failing to conduct a proper analysis of his subjective statements in violation of SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). Doc. 14, at 12. The Court disagrees.

**1. ALJ's duty to evaluate Plaintiff's subjective allegations.**

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2017 WL 5180304, at *3. First, the ALJ must make a threshold determination as to "whether there is an underlying medically determinable physical or mental impairment[] that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.* Second, the ALJ must evaluate the intensity and persistence of the claimant's symptoms to determine how much they limit the individual's ability to perform work-related activities. *Id.* At this second step, the ALJ will examine the objective medical evidence, the claimant's statements about his symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.* at 4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- [d]aily activities;

- [t]he location, duration, frequency, and intensity of pain or other symptoms;

- [f]actors that precipitate and aggravate the symptoms;

- [t]he type, dosage, effectiveness, and side effects of any medication;

- [t]reatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

7

- [a]ny measures other than treatment a claimant has used to relieve pain or other symptoms; and

- [a]ny other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.* at *7-8. Finally, in evaluating a claimant's subjective statements, the ALJ must "contain specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.* at *10.

### 2. The ALJ committed no error in his review of Plaintiff's subjective allegations.

In reviewing an ALJ's consistency analysis, such "determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Sec'y of Health & Hum. Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Second, "findings as to [subjective reports] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (additional alteration omitted).

According to Plaintiff, the ALJ only made conclusory findings without articulating specific reasons for his consistency findings. Doc. 14, at 8-10. Plaintiff contends that the ALJ failed to explain why he discounted Plaintiff's

8

statements regarding the impact of his alleged symptoms and "that a reasonable adjudicator conducting a proper analysis could have found [Plaintiff's] subjective statements to be substantially valid." *Id.* at 10-12.

As the Commissioner points out, the ALJ need not expressly discuss every factor. Doc. 16, at 11; *see, e.g., Trujillo v. Comm'r*, 818 F. App'x 835, 843 (10th Cir. 2020).

The ALJ considered Plaintiff's testimony that "he has trouble sitting for prolonged periods, using his hands to handle objects, driving, and ambulating without a cane," "takes few medications for his symptoms [since] he is not a 'pill person,'" "only goes to the doctor when [he has] to," "spends about [eighty] percent of his day on his couch," and "can walk his dog, shop for groceries, and sit and stand for ten minutes before needing to rest." AR 25. He also considered Plaintiff's reports regarding his "history of falling and us[ing] a cane for ambulation and climbing stairs," and "use[] [of[ a heating pad [and] ice for his pain." *Id.* In the end, the ALJ did not find Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms could reasonably be accepted as consistent with the medical evidence and other evidence of record. *Id.* at 26.

The ALJ partially relied on a consultative examination of Plaintiff conducted on May 18, 2023, in which it was noted that he was "able to perform all of his activities of daily living independently," "exhibit[ed] normal findings, including a steady, stable, and normal gait with his cane, with only slightly decreased range of motion in his knees and shoulder" and that he was "able to ambulate . . . without [the cane] if need[ed]." *Id.*

The ALJ further noted that Plaintiff "frequently exhibited normal examination findings, including normal range of motion with only some tenderness . . . at times in his spine and foot." *Id.* at 25. He identified that Plaintiff, on multiple visits to the Veteran Affairs Clinic, stated that he was "satisfied with his current pain level" and "declined any intervention from the VA as well as any medications or referrals for specialist care." *Id.*

The ALJ also considered Plaintiff's past history of sporadic treatment for primary care treatment and medication management from June 13, 2021, to October 26, 2023 in which he noted that Plaintiff "consistently . . . 'want[ed] to avoid surgery if at all possible' for his complaints" and "frequently refused pain medications and other recommended treatment." *Id.* The ALJ also observed that Plaintiff's pain was reported to improve when taking his medications as

10

prescribed and that he was "able to work 'a few hours' before needing to rest due to his degenerative disc disease." *Id.* at 25-26.

The ALJ also considered Plaintiff's daily activities; including that he travels to doctor's appointments, shops, drives, spends time with friends and family, watches television, handles self-care and personal hygiene, and cares for pets. *Id.* at 20-21. He also does his laundry, cooks, cleans, and manages his finances. *Id.* at 21. The Court finds that the ALJ complied with SSR 16-3p. *See Steven v. Kijakazi*, No. 20-cv-00364-SH, 2022 WL 489319, at *4-5 (N.D. Okla. Feb. 17, 2022) (finding ALJ "linked his consistency findings to the evidence and provided clear and specific reasons for his determination" where ALJ considered, among other evidence, "Plaintiff's non-compliance with Ms. Eaton's requests to provide a headache diary" (citing SSR 16-3p, 2017 WL 5180304)); *Wright v. Saul*, No. CIV-18-822-BMJ, 2019 WL 4145235, at *9 (W.D. Okla. Aug. 30, 2019) (affirming ALJ's conclusion that "Plaintiff's noncompliance with treatment weakened the credibility of her allegations" (citing SSR 16-3p, 2017 WL 5180304, at *9 ("[I]f the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record.")) (quotations and alterations omitted).

11

The ALJ thoroughly discussed Plaintiff's doctor's visits. AR 24-27. In his evaluation, the ALJ provided evidentiary support in the form of specific page citations to the record, clearly articulated for this Court's review. For instance, the ALJ noted that Plaintiff in his consultative examination stated he could perform all his activities of daily living independently. *Id.* at 26, 492. The ALJ in reaching his decision also cited the opinion of a state agency medical consultant, Dr. Scott Newton. *Id.* at 26. State agency medical consultants are "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). Here, the ALJ found the opinion of the state agency medical consultant to be "partially persuasive and consistent with the objective medical evidence of [the] record and [Plaintiff's] testimony regarding his physical limitations and activities of daily living." AR 26. In his opinion, Dr. Newton noted that Plaintiff "cannot stand, sit, or walk for long periods of time," is "[s]lower with personal care tasks and has . . . trouble getting in and out of [the] shower," "[doesn't] cook or clean," stopped "tak[ing] his dog for walks," "[d]rives and shops for [thirty minutes], but not often," is able to "walk [thirty] feet before stopping to rest," and "uses a cane, [which] was not prescribed." *Id.* at 79. Dr. Newton concluded that Plaintiff's "[activities of daily living] appear[ed] partially consistent." *Id.*

12

Based on the foregoing, the Court: (1) finds no error in the ALJ's evaluation of Plaintiff's subjective allegations and thus (2) concludes that substantial evidence supports the ALJ's evaluation of Plaintiff's reported symptoms and how much they limit Plaintiff's ability to do work-related activity.

### C.   The Appeals Council committed no error in its review of the ALJ's decision.

Plaintiff also contends that the Appeals Council erred in its denial of his request for review because it applied the wrong regulatory definition of "past relevant work" under 20 C.F.R § 404.1560(b)(1). Doc. 14, at 12-13. Again, the Court disagrees with Plaintiff and agrees with the Commissioner that the Appeals Council applied the correct regulatory definition when reviewing the ALJ's decision.

Past relevant work was defined as "work that [the Claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the Claimant] to learn to do it" when the ALJ issued his decision in May of 2024. *See* AR 19; *see also* 20 C.F.R. § 404.1560(b)(1). A new definition of past relevant work went into effect on June 22, 2024, in which the timeframe was shortened from 15 years to 5 years. 20 C.F.R § 404.1560(b)(1) (2024); *see also* 89 FR 48138-01, 2024 WL 2831350, at *48138.

13

Plaintiff argues that the Appeals Council should have reviewed the ALJ's decision using the new regulatory definition for past relevant work. Doc. 14, at 12-13. However, "[r]etroactivity is not favored in the law" and "administrative rules will not be construed to have retroactive effect unless their language requires this result." *Tina W. v. Comm'r, SSA,* No. 24-4029, 2024 WL 5165687, at *3 (10th Cir. Dec. 19, 2024) (quoting *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208 (1988)). The Commissioner stated that the revised regulation would only apply to "claims pending and newly filed on June 22, 2024." 89 FR 48138-01, 2024 WL 2831350, at *48138. Because the regulation did not go into effect until after the ALJ's decision, the Appeals Council properly applied "the version of [the] regulations in effect at the time of the ALJ's decision." *Newbold v. Colvin,* 718 F.3d 1257, 1261 n.2 (10th Cir. 2013) (quoting *Chapo v. Astrue,* 682 F.3d 1285, 1291 n.5 (10th Cir. 2012)).

### III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 27th day of March, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

14